1
2
3
4
5
6
7
8
9
10

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 12  ELINOR SHAPIRO, | CASE NO. CV14-1073 JFW (Ex) |
| 13               Plaintiff, | DISCOVERY MATTER |
| 14      v. | Referred to Hon. Charles F. Eick |
| 15  MOOSE ENTERPRISE PTY, LTD., | |
| 16  a/k/a/ MOOSE TOYS a/k/a MOOSEWORLD, | [~~PROPOSED~~] **PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIALS** |
| 17             Defendant. | |

18
19
20
21
22
23
24
25
26
27
28

1     The Court finds that the parties to this case may be required to disclose trade

2 secrets, confidential financial information, or confidential commercial information,

3 the unauthorized use or disclosure of which is likely to cause harm to the party

4 producing such information or contravene an obligation of confidentiality to a third

5 person or to a court. Accordingly, the Court enters the following Protective Order

6 ("Order") pursuant to Fed. R. Civ. P. 26(c)(1).

7                **PURPOSES AND LIMITATIONS**

8     Disclosure and discovery activity in this action are likely to involve

9 production of certain confidential, proprietary, private or trade secret information

10 for which special protection from disclosure would be warranted. Accordingly, the

11 parties hereby stipulate to and petition the Court to enter the following Stipulated

12 Protective Order Governing Confidential Materials ("Order"). The parties

13 acknowledge that this Order does not confer blanket protections on all disclosures

14 or responses to discovery and that the protection it affords extends only to the

15 limited information or items that are entitled to treatment as confidential under

16 applicable state or federal law. The parties further acknowledge that this Order

17 creates no entitlement to file confidential information under seal; the parties shall

18 follow the applicable rules when seeking permission from the Court to file material

19 under seal.

20     Notwithstanding anything in this Order, the parties agree that the Disclosure

21 of Discovery Material, as defined in Section I.B below, shall not be used by the

22 Receiving Party, as defined in Section I.C below, for any purpose other than for

23 prosecuting or defending this action, unless otherwise agreed to by the parties.

24 **I.**   **DEFINITIONS**

25     **A.**   **Party or Parties**: any party to this action, and all parties to this

26 action, including all of its or their officers, directors, owners, members, partners,

27 trustees, beneficiaries, employees, consultants, retained experts, attorneys, and

28 outside counsel (and their support staff).

LATHAM&WATKINS LLP OC\1810454.1
ATTORNEYS AT LAW
ORANGE COUNTY
1
Case No. CV14-1073 JFW (Ex)
[Proposed] Protective Order
Governing Confidential Materials

**B.** **Disclosure or Discovery Material**: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are voluntarily exchanged, produced or generated by any Party or non-party in disclosures or responses to discovery in this matter.

**C.** **Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

**D.** **Producing Party**: a Party or non-party that produces Disclosure or Discovery Material in this action.

**E.** **Designating Party**: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as those terms are defined below.

**F.** **"CONFIDENTIAL" Information or Items**: information (regardless of how generated, stored, or maintained) or tangible things that a Designating Party believes in good faith is confidential under applicable state or federal law. "CONFIDENTIAL" Information or Items generally include materials used by the Designating Party in or pertaining to its business, which matter is not generally known and which the Designating Party would not normally reveal to third parties or would cause third parties to maintain in confidence.

**G.** **"CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items:** information (regardless of how generated, stored or maintained) or tangible things that a Designating Party believes in good faith contains highly sensitive information that, if disclosed to a competitor, would or may cause competitive harm, including but not limited to any (a) trade secrets, as that term is defined in Cal. Civ. Code §3426.1, (b) confidential or competitively sensitive research, development, financial or commercial information, or (c) highly sensitive personal information (such as credit information and/or social security numbers).

LATHAM&WATKINS LLP OC\1810454.1
ATTORNEYS AT LAW
ORANGE COUNTY

2

Case No. CV14-1073 JFW (Ex)
[Proposed] Protective Order
Governing Confidential Materials

1    **H.**    **Protected Material**: any Disclosure or Discovery Material that is
2 designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES
3 ONLY."

4    **I.**    **Outside Counsel**: attorneys not employed by the parties who are
5 retained to represent or advise a Party in this action.

6    **J.**    **Expert:** a person with specialized knowledge or experience in a
7 matter pertinent to the litigation who has been retained by a Party or its counsel to
8 serve as an expert witness or as a consultant in this action.

9    **K.**    **Professional Vendors**: persons or entities that provide litigation
10 support services (e.g., photocopying; videotaping; translating; preparing exhibits or
11 demonstrations; organizing, storing, retrieving data in any form or medium; etc.)
12 and their employees and subcontractors.

13 **II.    SCOPE**

14    The protections conferred by this Order cover not only Protected Material,
15 but also any information copied or extracted therefrom, as well as all copies,
16 excerpts, summaries, or compilations thereof, plus testimony, conversations, or
17 presentations by Parties or counsel in any settings that the Designating Party
18 believes in good faith might reveal Protected Material. All notes, memoranda,
19 reports, and other written communications that reveal or discuss information
20 contained in Protected Materials shall be given the same protections under this
21 Order as though they were designated as Protected Material.

22    This Order shall not apply to testimony or presentations at Court hearings or
23 other Court proceedings. The Parties shall take up matters of confidentiality with
24 the Court or judicial officer conducting such proceeding at the appropriate time in
25 an effort to protect the material that is the subject of this Order, subject to such
26 Court or judicial officer's determination regarding how to treat such material at
27 such proceeding.

28

LATHAM&WATKINS┬ OC\1810454.1
ATTORNEYS AT LAW
ORANGE COUNTY

3

Case No. CV14-1073 JFW (Ex)
[Proposed] Protective Order
Governing Confidential Materials

## III.  DURATION

Even after the termination of this litigation—whether by settlement, discontinuance, dismissal, severance, judgment or other disposition—the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## IV.  DESIGNATING PROTECTED MATERIALS

**A.  Manner and Timing of Designations.**  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires the following:

1.  <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings):  the Producing Party must affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains Protected Material, including on each page of any electronically produced document.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, and before producing the specified documents, the Producing Party must affix the appropriate legend at the top or bottom of each page that contains Protected Material.

2.  <u>For testimony given in deposition</u>:  all transcripts will automatically be designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

LATHAM&WATKINS LLP  OC\1810454.1
ATTORNEYS AT LAW
ORANGE COUNTY

4

Case No. CV14-1073 JFW (Ex)
[Proposed] Protective Order
Governing Confidential Materials

1    from the day of the deposition or proceeding to fourteen (14) calendar days after

2    receipt by the witness or the witness' attorney of notice that the transcript is ready

3    for review.  During this period of automatic designation, the Designating Party

4    may provide written designations of those portions of the testimony that qualify for

5    protection under this Order.  If such written designations are submitted, then the

6    transcript will be revised to reflect those designations.  After the expiration of this

7    period of automatic designation, if no written designations are submitted by the

8    Designating Party, then the entire transcript will be deemed non-Protected

9    Material, and the transcript will be revised to remove all confidentiality

10   designations.

11              3.     For information produced in some form other than

12   documentary, and for any other tangible items:  the Producing Party must affix the

13   legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES

14   ONLY" in a prominent place on the exterior of the container or containers in

15   which the information or item is stored, or in some other reasonable fashion

16   depending on the form of the material.  If that matter is stored or recorded

17   electronically (including information databases, images, or programs stored on

18   computers, discs, networks or backup tapes) and a legend cannot be affixed on it,

19   the Designating Party may designate such material as "CONFIDENTIAL" or

20   "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by cover letter identifying the

21   Protected Material.  Parties other than the Producing Party shall also have the right

22   to designate such materials for confidential treatment in accordance with this Order

23   by written notice.  If only portions of the information or item warrant protection,

24   the Designating Party, to the extent practicable, shall designate the protected

25   portions only.

26        **B.     Inadvertent Failures to Designate.**  If corrected, an inadvertent

27   failure to designate qualified information or items as Protected Material does not,

28   standing alone, waive the Designating Party's right to secure protection under this

1    Order for such material.  If material is appropriately designated after the material

2    was initially produced, the Receiving Party, on timely notification of the

3    designation, must make reasonable efforts to assure that the material is treated in

4    accordance with the provisions of this Order.  As used in this Order, an act is

5    "timely" if it does not unduly prejudice another Party.

6        **C.**    **Production of Privileged or Otherwise Protected Material.**

7    Pursuant to Federal Rule of Evidence 502(d), if in connection with this litigation

8    documents or information subject to a claim of attorney-client privilege, work

9    product protection and/or any other privilege or protection from disclosure are

10   disclosed ("Disclosed Information") by the Producing Party, the disclosure of such

11   Disclosed Information shall not constitute or be deemed a waiver of any claim of

12   attorney-client privilege, work product protection or any other privilege or

13   protection that the Disclosing Party would otherwise be entitled to assert with

14   respect to the Disclosed Information and its subject matter.

15       The Producing Party shall promptly notify the Receiving Party of any claim

16   of disclosure with respect to Disclosed Information upon discovering the

17   inadvertent disclosure.  Promptly upon notification, and in no event no later than

18   five (5) business days after receiving notice, the Receiving Party shall return and/or

19   destroy all copies of the Disclosed Information identified in the notice, and shall

20   certify in writing that it has done so.  In so doing, the Receiving Party shall not

21   waive or prejudice any challenge it may have to the alleged privileged status of the

22   Disclosed Information.  Where recovery and return/destruction of Disclosed

23   Information results in material costs, the Receiving Party may apply to the Court to

24   seek recovery of said costs.  If, after undertaking an appropriate meet-and-confer

25   process, the parties are unable to resolve any dispute they have concerning the

26   Disclosed Information, the Receiving Party may file the appropriate motion or

27   application as provided by the Court's procedures to compel production of such

28   material.

LATHAM&WATKINSⸯⁱ⁰ OC\1810454.1
ATTORNEYS AT LAW
ORANGE COUNTY

6

Case No. CV14-1073 JFW (Ex)
[Proposed] Protective Order
Governing Confidential Materials

1    Nothing in this section or in this Order waives or limits the protections

2    afforded to the parties by the applicable Federal Rules of Civil Procedure.

3    **V.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

4         **A.    Meet and Confer.**  A Party that elects to initiate a challenge to a

5    Designating Party's confidentiality designation (the "Challenging Party") must do

6    so in good faith and must begin the process by requesting in writing a conference

7    directly (in voice to voice dialogue; other forms of communication are not

8    sufficient to satisfy the requirement of a "conference") with counsel for the

9    Designating Party.  Counsel for the Designating Party shall be available to

10   participate in the requested conference within five (5) business days (excluding

11   legal holidays) of receipt of the written request, subject to an additional two (2)

12   business day extension to meet and confer under exigent circumstances, provided

13   that the party requesting the extension explains with specificity the nature of the

14   exigent circumstances.  In conferring, the Challenging Party must explain the basis

15   for its belief that the confidentiality designation was not proper and must give the

16   Designating Party an opportunity to review the designated material, to reconsider

17   the circumstances, and, if no change in designation is offered, to explain the basis

18   for the chosen designation.  A Party may proceed to the next stage of the challenge

19   process only after it has engaged in this meet and confer process.

20        **B.    Judicial Intervention.**  If the Parties are unable to resolve a dispute

21   regarding a challenge to a confidentiality designation pursuant to Paragraph V.A

22   above, they will submit a joint stipulation to the Court in compliance with the

23   requirements of Civil Local Rule 37-2.  Prior to making such submission, the

24   parties must comply with Civil Local Rule 37-1, to the extent not satisfied by the

25   parties' meet-and-confer process under Paragraph V.A above.

26        The burden of persuasion in any such challenge proceeding shall be on the

27   Designating Party.  Until the Court rules on the challenge, all parties shall continue

28   to afford the material in question the protection to which it is entitled under the

1 | Producing Party's designation.

2 | **VI.**    **ACCESS TO AND USE OF PROTECTED MATERIAL**

3 |     **A.**     **Basic Principles.** A Receiving Party may use Protected Material that

4 | is disclosed or produced by another Party or by a non-party in connection with this

5 | case only for prosecuting, defending, or attempting to settle this litigation. Such

6 | Protected Material may be disclosed only to the categories of persons and under

7 | the conditions described in this Order. When the litigation has been terminated, a

8 | Receiving Party must comply with the provisions of Section IX below. Protected

9 | Material must be stored and maintained by a Receiving Party at a location and in a

10 | secure manner that reasonably ensures that access is limited to the persons

11 | authorized under this Order.

12 |     **B.**     **Disclosure of "CONFIDENTIAL" Information or Items.** Unless

13 | otherwise ordered by the Court or permitted in writing by the Designating Party, a

14 | Receiving Party may disclose any information or item designated

15 | "CONFIDENTIAL" only to:

16 |     1.     The Receiving Party's in-house counsel and Outside Counsel in

17 | this action, as well as employees and consultants of said counsel to whom it is

18 | reasonably necessary to disclose the information for this litigation;

19 |     2.     The Receiving Party, if that party is an individual, or if the

20 | Receiving Party is an entity, then its officers, directors, owners, members, partners,

21 | trustees, beneficiaries, and employees of the Receiving Party to whom disclosure is

22 | reasonably necessary for this litigation;

23 |     3.     Experts (as defined in Section I.J above) of the Receiving Party,

24 | and their administrative support staff if any, to whom disclosure is reasonably

25 | necessary for this litigation and who have signed the "Acknowledgement and

26 | Agreement to Be Bound by Protective Order" (Exhibit A);

27 |     4.     The Court and its personnel;

28 |     5.     Neutral evaluators, mediators or arbitrators assigned to the case

LATHAM&WATKINS LLP OC\1810454.1
ATTORNEYS AT LAW
ORANGE COUNTY

8

Case No. CV14-1073 JFW (Ex)
[Proposed] Protective Order
Governing Confidential Materials

1    by the Court or retained for the case by the mutual agreement of the Parties;

2          6.      Professional Vendors for services such as copying, scanning, or

3    electronic document processing to whom disclosure is reasonably necessary for

4    this litigation;

5          7.      Court reporters and their staff to whom disclosure is reasonably

6    necessary for this litigation;

7          8.      During their depositions, and for the 14-day transcript review

8    period provided under IV(A)(2), witnesses in the action to whom disclosure is

9    reasonably necessary and who have signed the "Acknowledgment and Agreement

10    to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or

11    ordered by the Court;

12          9.      Any author or recipient of the document or the original source

13    of the information disclosed in the document; and

14          10.      The Receiving Party's insurance carrier(s) and their counsel to

15    the extent reasonably related to any actual or potential coverage in connection with

16    this litigation.

17      **C.**      **Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

18    **Information or Items.** With the exception of the License Agreement dated May

19    29, 2001 between Shapiro and Mattel, Inc. for Cloud 9 Girls ("Mattel Cloud 9

20    Girls License"), unless otherwise ordered by the Court or permitted in writing by

21    the Designating Party, a Receiving Party may disclose any information or item

22    designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to those

23    persons in Section VI(B)(1), (3)-(10) above. Notwithstanding anything herein to

24    the contrary, the parties hereby stipulate and agree that, notwithstanding a

25    designation of "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Mattel

26    Cloud 9 Girls License shall be disclosed solely to the Receiving Party's Outside

27    Counsel in this action, as well as employees and consultants of said outside

28    counsel to whom it is reasonably necessary to disclose the information for this

LATHAM&WATKINS LLP OC\1810454.1
ATTORNEYS AT LAW
ORANGE COUNTY
9
Case No. CV14-1073 JFW (Ex)
[Proposed] Protective Order
Governing Confidential Materials

1    litigation, and those persons in Section VI(B)(3)-(10) above (*i.e.*, the Mattel Cloud

2    9 Girls License shall not be disclosed to Moose Enterprise Pty Ltd.'s in-house

3    counsel).

4        **D.    Maintenance of Signed Agreements.**  Counsel for the Receiving

5    Party wishing to disclose Protected Materials shall maintain the original signed

6    "Acknowledgement and Agreement(s) to Be Bound by Protective Order."

7        **E.    Disclosure Not Otherwise Authorized.**  In the event that counsel

8    representing any Party in this action believes that it is necessary to disclose

9    Protected Materials to an individual or entity to whom disclosure is not permitted

10   by this Order, such counsel shall make a written request (delivered by hand, email

11   or fax) to counsel for the Designating Party identifying the individual to whom it is

12   desired to make such disclosure and the specific Protected Materials involved, and

13   notifying the Designating Party that they have five (5) business days to object to

14   such disclosure.  Within five (5) business days of the request, counsel for the

15   Designating Party may object to such disclosure by delivering by hand, email, or

16   fax a written objection to counsel serving the disclosure request.  Failure to so

17   object constitutes consent to such disclosure.

18       In the event that a Designating Party objects to such disclosure, such

19   Protected Materials shall not be disclosed to any individual other than those to

20   whom disclosure is permitted by this Order until such dispute has been resolved by

21   agreement of the Parties or, after the Parties engage in a good faith meet and confer

22   about this issue, by order of the Court.  However, the Parties agree to act in good

23   faith to approve reasonable requests, if feasible, to use Protected Material at

24   depositions taken in this action, but acknowledge that requests of this nature should

25   generally be made using the procedure in this section prior to the deposition if

26   reasonably anticipated.

27       **F.    Authorized Disclosures.**  Nothing in this Order shall preclude any

28   Party or their attorneys from:

1    1. Showing materials designated as Protected Material to an

2 individual who either prepared or reviewed the document prior to the filing of this

3 action, or is shown by the document to have received the document.

4    2. Disclosing or using, in any manner or for any purpose, any

5 information, documents, or things from the Party's own files.

6    3. Disclosing or using, in any manner or for any purpose, any

7 information, documents, or things obtained from a source other than discovery.

8    4. Disclosing or using, in any manner or for any purpose, any

9 information, document, or thing that is at the time of production or disclosure, or

10 subsequently becomes, through no wrongful act or failure to act on the part of the

11 Receiving Party, generally available to the relevant public through publication or

12 otherwise, or is already rightfully in the possession of the Receiving Party at the

13 time of production.

14 **VII. PROTECTED MATERIAL SUBPOENAED OR ORDERED**

15   **PRODUCED IN OTHER LITIGATION**

16   If a Receiving Party is served with a subpoena or an order issued in other

17 litigation that would compel disclosure of any information or items designated in

18 this action as Protected Material, to the extent not violative of any statute, rule, or

19 order applicable to such party in such litigation, the Receiving Party must so notify

20 the Designating Party, in writing (by hand, email or fax), promptly and in no event

21 more than five (5) court days after receiving the subpoena or order.  Such

22 notification must include a copy of the subpoena or court order.

23   The Receiving Party also must immediately inform in writing the party who

24 caused the subpoena or order to issue in the other litigation that some or all the

25 material covered by the subpoena or order is the subject of this Order.  In addition,

26 the Receiving Party must deliver a copy of this Order promptly to the party in the

27 other action that caused the subpoena or order to issue.

28   The purpose of imposing these duties is to alert the interested parties to the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY
 OC\1810454.1     11    Case No. CV14-1073 JFW (Ex)
[Proposed] Protective Order
Governing Confidential Materials

1   existence of this Order and to afford the Designating Party an opportunity to try to

2   protect its confidentiality interests in the court from which the subpoena or order

3   issued. The Designating Party shall bear the burdens and the expenses of seeking

4   protection in that court of its confidential material to the extent permissible by such

5   court. Nothing in this Order is intended or should be construed as authorizing a

6   party to disobey a lawful subpoena issued in another action.

7   **VII.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

8        If a Receiving Party learns that, by inadvertence or otherwise, it has

9   disclosed Protected Material to any person or in any circumstance not authorized

10  under this Order, the Receiving Party must immediately (a) notify in writing the

11  Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

12  all copies of the Protected Material, (c) inform the person or persons to whom

13  unauthorized disclosures were made of all the terms of this Order, and (d) request

14  such person or persons to execute the "Acknowledgment and Agreement to Be

15  Bound" that is attached as Exhibit A.

16  **VIII.  FILING PROTECTED MATERIAL**

17       In accordance with Civil Local Rule 79-5.1, if any papers to be filed with the

18  Court contain information and/or documents that have been designated as

19  Protected Material, the proposed filing shall be accompanied by an application to

20  file the papers or the portion thereof containing the designated information or

21  documents (if such portion is segregable) under seal; and the application shall be

22  directed to the judge to whom the papers are directed. For motions, the parties

23  shall publicly file a redacted version of the motion and supporting papers.

24  **IX.    FINAL DISPOSITION**

25       Unless otherwise ordered or agreed in writing by the Producing Party, within

26  ninety (90) days after the final termination of this action (e.g., a Court order

27  terminating this action and from which no appeal is taken), each Receiving Party

28  must make reasonable efforts to return or destroy the Protected Material. As used

LATHAM&WATKINSLLP OC\1810454.1
ATTORNEYS AT LAW
ORANGE COUNTY

12

Case No. CV14-1073 JFW (Ex)
[Proposed] Protective Order
Governing Confidential Materials

1   in this paragraph, "Protected Material" includes all copies, abstracts, compilations,

2   summaries or any other form of reproducing or capturing any of the Protected

3   Material. Whether the Protected Material is returned or destroyed, the Receiving

4   Party must submit a written certification to the Producing Party (and, if not the

5   same person or entity, to the Designating Party) by the 90-day deadline that affirms

6   that the Receiving Party has taken reasonable efforts to comply with the foregoing

7   provisions, and has not retained any copies, abstracts, compilations, summaries or

8   other forms of reproducing or capturing any of the Protected Material.

9   "Reasonable efforts" shall not require the return or destruction of Protected

10   Material that (i) is stored on backup storage media made in accordance with

11   regular data backup procedures for disaster recovery purposes, (ii) is located in the

12   email archive system or archived electronic files of departed employees, or (iii) is

13   subject to legal hold obligations. Backup storage media will not be restored for

14   purposes of returning or certifying destruction of Protected Material, but such

15   retained information shall continue to be treated in accordance with the Order.

16       Notwithstanding this provision, counsel are entitled to retain archival copies

17   and are not required to return or destroy copies of all pleadings, motion papers,

18   written discovery, transcripts, legal memoranda, correspondence, attorney-client

19   communications or attorney work product, even if such materials contain Protected

20   Material, provided that such counsel take appropriate steps to prevent the

21   disclosure in a manner contrary to this Order of such Protected Material. Any such

22   archival copies that contain or constitute Protected Material remain subject to this

23   Order as set forth in Section III above.

24   **X.**   **MISCELLANEOUS**

25       **A.**   **Right to Further Relief.** Nothing in this Order abridges the right of

26   any person to seek its modification by the Court in the future.

27       **B.**   **Admissions and Waivers.** Neither the entry of this Order, nor the

28   designation of any information or documents as Protected Material, or failure to

LATHAM&WATKINS<sup>LLP</sup>  OC\18810454.1
ATTORNEYS AT LAW
ORANGE COUNTY

13

Case No. CV14-1073 JFW (Ex)
[Proposed] Protective Order
Governing Confidential Materials

1   make such a designation, shall constitute evidence or any admission with respect to

2   any issue in the case, and shall not constitute a waiver of any objections to the

3   disclosure of such information. Nothing in this Order shall be construed as

4   waiving any objections of either Party as to the admissibility of a particular

5   document into evidence. Moreover, nothing in this Order shall be construed to

6   require any Party to disclose to any other Party any Protected Material, or to

7   prohibit any Party from refusing to disclose Protected Material to any other party.

8       **C.**    **Right to Assert Other Objections.** By stipulating to the entry of this

9   Order, no Party waives any right it otherwise would have to object to disclosing or

10  producing any information or item on any ground not addressed in this Order.

11      IT IS SO STIPULATED.

12  Dated: June 27, 2014           LATHAM & WATKINS LLP

13

14                          By:  /s/ Jennifer L. Barry
                                  Perry J. Viscounty

15                                    Jennifer L. Barry
                                  David B. Hazlehurst

16                                    *Attorneys for Defendant*
                                  Moose Enterprise Pty, Ltd.

17

18  Dated: June 27, 2014           LISA BORODKIN
                                ATTORNEY AT LAW

19

20                          By:  /s/ Lisa J. Borodkin
                                    Lisa J. Borodkin

21                                    Shoshana E. Bannett

22                                    *Attorneys for Plaintiff*
                                  Elinor Shapiro

23

24

25  ATTESTATION: I certify that I obtained concurrence in the filing of this

26  document from all parties whose electronic signatures appear above.
    Dated: June 27, 2014  /s/ Jennifer L. Barry

27

28

LATHAM&WATKINS  OC\1810454.1
ATTORNEYS AT LAW
ORANGE COUNTY                        14                  Case No. CV14-1073 JFW (Ex)
[Proposed] Protective Order
Governing Confidential Materials

<u>**ORDER**</u>

1

2   IT IS SO ORDERED.

3

4   Date: __6/27__ , 2014

5

                Hon. Charles F. Eick
                United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP OC\1810454.1
ATTORNEYS AT LAW
ORANGE COUNTY

15

Case No. CV14-1073 JFW (Ex)
[Proposed] Protective Order
Governing Confidential Materials

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY**

**PROTECTIVE ORDER**

 

I, [NAME], with an address of [ADDRESS], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____, 2014, in the case of *Shapiro v. Moose Enterprise Pty, Ltd. et al.*, Case No. CV14-1073 JFW (Ex).

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt of court. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint [NAME] of [FIRM NAME AND ADDRESS] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Executed on _____, 20___, at [CITY AND STATE].

 

Signature: _____

LATHAM&WATKINS LLP OC\1810454.1
ATTORNEYS AT LAW
ORANGE COUNTY

16

Case No. CV14-1073 JFW (Ex)
[Proposed] Protective Order
Governing Confidential Materials